IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTIAN JAMES NAVOY,,
       Petitioner,

vs.                               3:10cv35/MCR/MD

MICHAEL BABCOCK, et al.
       Respondents.

## REPORT AND RECOMMENDATION

This case is before the court upon an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 6). The respondents have filed an answer, in which they contend, among other things, that the petition is subject to dismissal due to petitioner's failure to exhaust his administrative remedies (doc. 14), and the petitioner has filed a response. (Doc. 16).

## BACKGROUND

Petitioner was convicted pursuant to 18 U.S.C. § 371 for conspiracy to introduce misbranded drugs into interstate commerce, to sell drug paraphernalia and to commit mail fraud. The United States District Court for the Southern District of Georgia sentenced him on March 31, 2009 to a term of 27 months imprisonment, followed by 3 years of supervised release. His projected release date, with statutory good time credit, is April 8, 2011, and his current halfway house date is January 8, 2011. In the instant petition, petitioner asserts that he is eligible for 12 months placement in a Residential Re-entry Center ("RRC"). Petitioner claims that he has been refused a good faith consideration for a 12 month RRC placement and instead

has been told he can expect 60-90 days. He seeks immediate consideration for a six month placement in an RRC and a six month placement in home confinement, claiming that he is entitled to this placement pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251(a), 122 Stat. 657 (2008).

Respondents contend that the petitioner has not filed any administrative remedies (doc. 14, exh. 1) and that therefore, having failed to exhaust his administrative remedies, the petition should be denied. Respondents also contend that BOP Director Harley Lappin should be dismissed as an improper respondent, as it is Michael Babcock, Warden of FPC Pensacola who is the petitioner's custodian, that the petition is not ripe, because the BOP has not completed its consideration of petitioner's RRC placement, and finally that it is within the province of the BOP to determine where prisoners within its custody will be housed, and that such a determination may not be challenged via a petition for writ of habeas corpus.

## DISCUSSION

### A. Proper Respondent

Respondents are correct that the proper respondent in a habeas action is the petitioner's immediate custodian, that is the warden of the facility where the petitioner is detained at the time he files the habeas petition, not a supervisory official who exercises legal control over the petitioner. *Rumsfield v. Padilla*, 542 U.S. 426, 439, 124 S.Ct. 2711, 2720, 159 L.Ed.2d 513 (2004). Therefore, respondent Lappin should be dismissed as a party to this action.

### B. Exhaustion of Administrative Remedies

Although the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") does not apply to habeas petitions, it is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004);

*Martin v. Zenk*, 244 Fed.Appx. 974 (11th Cir. 2007); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Eleventh Circuit has held that this requirement is jurisdictional. *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *Hicks v. Jordan,* 165 Fed.Appx. 797, 799 (11th Cir. 2006); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule ... that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted).

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues through informal grievances. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). An appeal may then be taken to the Regional Director. *Id.* at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending. *Gonzalez,* 959 F.2d at 212; *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990); *Keys v. U.S. Dept. Of Justice*, 136 Fed.Appx. 313 (11th Cir. 2005).

Whether a futility exception is available in this circuit is questionable. *Jaimes v. United States,* 168 Fed.Appx. 356, 359 (11th Cir. 2006). "Although judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts." *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), judgment vacated on other grounds, 526 U.S. 1142, 119 S.Ct. 2016, 143 L.Ed.2d 1029 (1999).

Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility." *Id.*; *Rey v. Warden, FCC Coleman-Low*, 2009 WL 5064350 *2 (11th Cir. 2009) (mandatory exhaustion not subject to the futility exception); cf. *Gallo Cattle Co. v. United States Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994) (exceptions to the administrative exhaustion requirement apply only in "extraordinary circumstances" and the petitioner "bears the burden of demonstrating the futility of administrative review.")

        Petitioner does not deny that he failed to complete the administrative remedy process, but asserts that Ruth Wombacher's declaration about his administrative remedies is factually inaccurate. In this respect it is petitioner who is mistaken. Ms. Wombacher notes that petitioner "has not filed any *formal* administrative remedies since he has been in Bureau custody." (Doc. 14 , exh. 1 at 3, emphasis added). This statement is not contradicted by petitioner's explanation that he engaged in the informal administrative remedy process at the institutional level concerning RRC placement, which he was required to do before being given a BP-9 form, the completion of which is the first step in the formal process. (Doc. 16, exh. 1 and 2). Petitioner explains that he decided not to further pursue the administrative remedy process because of the low number of administrative remedies that area actually granted by the BOP at any level (doc. 16 at 2) and because of the number of months left in his sentence.

        In support of his claim he cites the "identical case" of *Outlaw v. Grayer*, from the United States District Court for the Northern District of Georgia 1:09cv1056. In *Outlaw*, United States Magistrate Judge Janet F. King stated:

> **To the undersigned's knowledge, there is no published or unpublished Eleventh Circuit opinion addressing the precise issue herein, i.e., whether administrative exhaustion is mandatory before a prisoner may bring a § 2241 petition seeking an order directing the BOP to immediately consider him for placement in an RRC facility, and, if not, whether exhaustion may be excused as futile. The members of this Court are split on this issue. [footnote citing cases]. The District Court Judge to whom this case has been assigned, the Honorable Charles A. Pannell, Jr., previously has agreed with a recommendation that administrative exhaustion may be excused for a federal prisoner seeking such § 2241 relief. See Warmus v. Zenk, No. 1:06-CV-2340-CAP (N.D. Ga. Feb. 12, 2008). Accordingly, the undersigned now concludes that the exhaustion requirement should be subject to a futility and irreparable harm exception. Because, if approved, Petitioner's 12 months in RRC confinement would begin in October, 2009, there is not sufficient time for exhaustion of administrative remedies int his case. If required to exhaust, Petitioner would likely be irreparably harmed int hat he may lose the opportunity for 12 months in RRC confinement. Therefore, lack of exhaustion should not foreclose the exercise of this Court's jurisdiction, and the petition should not be dismissed on this ground.**

(Case 1:09cv1056, doc. 4 at 6-7). The district court adopted the recommendation over the respondent's vigorous objection. Among the objections raised by respondent was that the petitioner had not shown that pursuit of administrative remedies would have been futile on the date he filed his petition (or more time consuming than pursuing litigation in federal court), or that the change of irreparable harm was more than speculative. The district court adopted the recommendation and the respondent was ordered in good faith to determine within fourteen (14) days whether and when petitioner should be transferred to an RRC, taking into account the factors listed in 18 U.S.C. § 3621(b) as well as any other factors deemed appropriate by the BOP. (See Case 1:09cv1056, doc. 4 and 6). Thus, the only "relief" the petitioner actually obtained was consideration of his eligibility for transfer to an RRC, which, according to the respondent, was already underway at the time the petitioner filed the petition for writ of habeas corpus. In any event, neither the *Outlaw* decision nor its analysis with respect to the mandatory nature of administrative exhaustion is

binding on this court. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004). ("general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions.")

Additionally, the undersigned notes that district courts within this jurisdiction have consistently adhered to the Eleventh Circuit directive that exhaustion of administrative remedies is mandatory and/or not subject to a futility exception. See, e.g., *Soler v. Bauknecht,* 3:04cv209/RV/MD (adopting recommendation that court is without jurisdiction to consider unexhausted claims); *Levitan v. Bauknecht*, 3:04cv403/MCR/MD (adopting recommendation that failure to exhaust administrative remedies requires dismissal of habeas petition); *Krist v. Eichenlaub*, 5:09cv143/RS/MD (adopting recommendation dismissing without prejudice for petitioner's failure to exhaust his administrative remedies); *Gregson v. Middlebrooks,* 5:08cv33/RS/MD (adopting recommendation for dismissal based on failure to exhaust and rejecting argument that a likely unfavorable outcome justifies waiver); *Garcia v. Middlebrooks*, 5:08cv165/RH/MD (finding it doubtful that a futility exception is available on the judicially created exhaustion requirement in the Eleventh Circuit and dismissing for failure to exhaust); *Tankersley v. Fisher,* 3:09cv22/MCR/MD (finding no sound reason for excusing failure to exhaust administrative remedies and dismissing for failure to exhaust). Absent controlling guidance from the Eleventh Circuit or the United States Supreme Court, the instant petition is subject to dismissal.[1]

---

[1] Because the petition is subject to dismissal due to petitioner's failure to exhaust his administrative remedies, the court does not reach the remaining arguments for dismissal, ripeness and the BOP's inherent discretion to determine the housing assignment of prisoners within its custody and control. The court does note, however, that from the response to the petition, it appears that petitioner's consideration for RRC placement is and has been underway. Petitioner was briefly transferred to state custody to address state charges which made him ineligible for RRC placement until the charges were resolved. Two days after his return to federal custody during a meeting about community corrections placement, he requested to relocate to the Southern District of Florida which caused a delay as the BOP must await approval from the United States Probation Office before making a placement determination. (Doc. 14, att. 2)

*Case No: 3:10cv35/MCR/MD*

**Accordingly it is respectfully RECOMMENDED:**

**That respondent Lappin be dismissed as a party to this action and that the amended petition for writ of habeas corpus under § 2241 (doc. 6) be dismissed without prejudice due to petitioner's failure to exhaust his administrative remedies.**

**At Pensacola, Florida this 19th day of May, 2010.**

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**